## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:06CV01360-WRW** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **BARBARA BLEVINS,** *et al.* | : | **PLAINTIFFS** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC.,** *et al.* | : | **DEFENDANTS** |

### ORDER

After reviewing this case, I believe that the Complaint violates my numerous orders on

multi-plaintiff complaints,[1] as well as the Federal Rules of Civil Procedure.  Accordingly, under

Rule 21 of the Federal Rules of Civil Procedure, under every plaintiff other than the first named

plaintiff,[2] is DROPPED from this civil action as follows:

(1) Dropped plaintiffs have 30 days from the date of this Order to file new, individual[3]

complaints in a proper venue.  The complaints should be served in accordance with the Rules of

Civil Procedure.

---

[1]I first addressed the multi-plaintiff issue in August, 2004.  See *In re Prempro*, 4:03-CV-01507-WRW, Doc. No. 329.  The Order reads "all attorneys filing related cases in the future should **avoid filing complaints joining unrelated individuals as parties-plaintiff** . . . ." (emphasis in original).

[2]Georgia Caler, Personal Representative and Executor of the Estate of Barbara Blevins; Michael Matthias, Son of Decedent Barbara Blevins; Patricia McDonald, Daughter of Decedent Barbara Blevins; Rebecca Jones, Daughter of Decedent Barbara Blevins; Matthew Matthias, Son of Decedent Barbara Blevins; and Lili Kipp Step-Daughter of Decedent Barbara Blevins will remain in the original lawsuit. However, within 40 days of the date of this Order, they must cure the complaint to remove any unnecessary defendants.

[3]An exception to this Order is that a plaintiff and her spouse and children (or any other associated derivative claimant) need not be severed from each other.

(2) It seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[4] regarding the court in which these cases might be refiled.  This observation is, of course, hortatory vice mandatory.

(3) Without further order of the Court, claims of dropped plaintiffs who do not file new civil actions within the 30 day period will be considered dismissed without prejudice.

(4) Dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes for 30 days after the date of this Order or until the filing of their new complaints in the appropriate venue -- whichever is first.

(5) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(6) Counsel are reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

(7)  The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of § 1407 transfers of these cases back to MDL No. 1507 for coordinated and consolidated pretrial proceedings.

**The following applies <u>only</u> to Plaintiff Ruth Cabot:**

(8) Plaintiff Ruth Cabot is an *in extremis* plaintiff who is alleging breast cancer injuries against only the Wyeth and Pfizer defendants.  Accordingly, I find that she no longer needs to be consolidated in MDL No. 1507.  If Plaintiff Cabot commences a new action, she must promptly

---

[4]By telephone, if not in the flesh.

file a statement with that court indicating that the case is not appropriate for transfer to MDL

No. 1507, because: (1) Plaintiff was previously a party in that multidistrict litigation

(specifically, in Case No. 4:06CV001360-WRW); and (2) the presiding judge in MDL No. 1507

determined that the continued inclusion of Plaintiff's claims in the multidistrict litigation was no

longer warranted. A copy of this Order must be attached to that statement.

     IT IS SO ORDERED this 12th day of February, 2010.


          /s/ Wm. R. Wilson, Jr.
          UNITED STATES DISTRICT JUDGE